## RAVENSCRAFT *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—826.]

**Two Offenses in One Indictment.**
> Criminal Code 1876, § 127, Subsec. 4, expressly provides that the charges of robbery and burglary may be joined in one indictment.

**Time of Commission of Offense.**
> It is only necessary to state in an indictment, in substance, that the offense charged was committed at a time before the indictment was returned, no greater precision as to the time of the commission being required.

APPEAL FROM PENDLETON CIRCUIT COURT.

May 27, 1886.

OPINION BY JUDGE LEWIS:

It is no objection to the indictment under which appellant was convicted that it contains a charge of the two offenses of robbery and burglary, and a statement of the acts constituting each of them, for Crim. Code 1876, § 127, subsec. 4, expressly provides that both may be charged in one indictment.

To constitute the offense of burglary it was necessary to state in the indictment, as was done, that appellant and the other defendant feloniously broke and entered in the night-time the dwelling-house of Margarite Henry with the intent to steal and carry away her money, which was of value. But to constitute the offense of robbery it was necessary to state, as was done, that they with violence or by putting her in fear did feloniously actually take from her and carry away the money mentioned.

The instruction given to the jury, which was more favorable to the accused than the law authorized, required them to believe in substance before convicting that both offenses were committed, whereas proof of either would have been sufficient. As, therefore, appellant could not have been convicted under the indictment of

but one of the offenses charged, and the punishment prescribed by statute is the same in each case, appellant was not nor could he be prejudiced by either the indictment or the instructions of the court.

It was sufficient to state in the indictment, in substance, that the offenses charged were committed before it was found, no greater precision as to the time of the commission of either offense being required.

The witness, Henry, swears positively to the commission of the offenses, and identifies appellant as one of the guilty parties. Whether his testimony should be believed was a question exclusively for the jury, with which this court can not interfere; and as appellant appears to have had a fair and impartial trial, and been regularly found guilty, the judgment must be *affirmed*.

*J. T. Simon, for appellant.*

*P. W. Hardin, for appellee.*